IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                          Criminal No. 3:99CR201

PHILIP BERNARD FRIEND

### MEMORANDUM OPINION

By Memorandum Opinion and Order entered on February 16, 2006, the Court denied a motion under 28 U.S.C. § 2255 filed by Philip Bernard Friend. (ECF Nos. 643, 644.) On July 1, 2014, the United States Court of Appeals for the Fourth Circuit granted Friend permission to file a second or successive application for relief under 28 U.S.C. § 2255. In re Friend, No. 13-292 (4th Cir. July 1, 2014). On September 12, 2014, with the assistance of counsel, Friend filed a successive § 2255 Motion ("Successive § 2255 Motion," ECF No. 723.)

### I. INTRODUCTION

Friend received a mandatory sentence of life without parole for a homicide offense that he committed as a juvenile. Friend argues that his life sentence without the possibility of parole violates the Eighth Amendment[1] in light of Miller v. Alabama, 132

---

[1] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

S. Ct. 2455 (2012).[2] (Br. Supp. Succ. § 2255 Mot. 7, ECF No. 723-1.) Friend contends that <u>Miller</u> announced a new, previously unavailable, rule of constitutional law, made retroactive to cases on collateral review, thus entitling him to relief. (<u>Id.</u>) Because Friend fails to satisfy the requirements of 28 U.S.C. § 2255(h)(2) by showing that his claim predicated on <u>Miller</u> relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," the Court will deny the Successive § 2255 Motion. 28 U.S.C. § 2255(h)(2); <u>Johnson v. Ponton</u>, 780 F.3d 219, 221 (4th Cir. 2015) (concluding "that <u>Miller</u> rule is not retroactively applicable to cases on collateral review").[3]

---

[2] In <u>Miller</u>, the Supreme Court of the United States held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" 132 S. Ct. at 2460.

[3] This statute provides that successive § 2255 motions must rely upon "a new rule of constitutional law, made retroactively applicable to case on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). For purposes of 28 U.S.C. § 2255(h)(2), Congress made the Supreme Court "the only entity that can ma[k]e a new rule retroactive." <u>Tyler v. Cain</u>, 533 U.S. 656, 663 (2001) (alteration in original) (internal quotation marks omitted).

2

## II. STANDARD FOR SUCCESSIVE § 2255 MOTIONS

### A. Appellate Authorization

"AEDPA [The Antiterrorism and Effective Death Penalty Act of 1996] greatly restricts the power of federal courts to award relief to . . . prisoners who file second or successive habeas corpus applications." Tyler v. Cain, 533 U.S. 656, 661 (2001). "Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). In granting Friend authorization to file a second petition, the Fourth Circuit found that Friend made a prima facie showing that the application contains a claim involving "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2); see 28 U.S.C. § 2244(b)(3)(a).

This Court must examine Friend's claim "'de novo'" to assure that it satisfies the requirements of § 2255(h)(2). In re Moss, 703 F.3d 1301, 1303 (11th Cir. 2013) (quoting Jordan v. Sec'y, Dep't of Corr., 485 F.3d 1351, 1358 (11th Cir. 2007)); see McLeod v. Peguese, 337 F. App'x 316, 317-18 (4th Cir. 2009) (affirming district court's dismissal of a successive § 2254 petition because the petitioner failed to satisfy the requirements of § 2244(b)(2) even where the Fourth Circuit

3

previously granted authorization to file the successive petition).

### B. Statutory Threshold For Proceeding In The District Court

Friend's Successive § 2255 Motion asserts entitlement to relief based upon one claim: As a juvenile offender, Friend's mandatory life sentence without the possibility of parole violates the Eighth Amendment under Miller v. Alabama, 132 S. Ct. 2455 (2012). (Br. Supp. Succ. § 2255 Mot. 8.) The threshold issue here is whether the rule in Miller qualifies as "a new rule of constitutional law, made retroactively applicable to case on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). As explained below, it does not.

As pertinent here, a successive § 2255 motion must satisfy three requirements: "First, the rule on which the claim relies must be a new rule of constitutional law; second, the rule must have been made retroactive to cases on collateral review by the Supreme Court; and third, the claim must have been previously unavailable." Tyler, 533 U.S. at 661 (internal quotation marks omitted). Friend's claim fails the second requirement because the Supreme Court has not made the rule in Miller retroactively applicable to cases on collateral review. Landry v. Baskerville, No. 3:13CV367, 2014 WL 1305696, at *6-11 (E.D. Va.

Mar. 31, 2014); <u>Johnson v. Ponton</u>, 780 F.3d 219, 221 (4th Cir. 2015). Accordingly, the Court will deny Friend's Successive § 2255 Motion and the Court will dismiss the action and deny a certificate of appealability.

The Clerk is directed to send a copy of this Memorandum Opinion to counsel for Friend and counsel for the United States.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: May 4, 2015